IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the Matter of the Seizure of:<br><br>One (1) 1989 48' Hatteras Vessel, Registration no. PR-15-1628, Named "Playa" Seized on April 7, 2016. | **Misc. No. 16-mc-495(GMM)** |

**MEMORANDUM AND ORDER**

Before the Court are various motions regarding Piñones Tourism Entertainment, Inc.'s ("Claimant" or "PTE") efforts to set aside a declaration of forfeiture and be returned property seized by the Government in 2016. For the following reasons, the Court **DENIES** PTE's *Motion for Return of Seized Property under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) and FRCivP 41(g)* (Docket No. 1); **GRANTS** the United States' *Motion to Dismiss for Lack of Subject Matter Jurisdiction* (Docket No. 9); **DENIES** PTE's *Cross Motion to set aside Declaration of Forfeiture* (Docket No. 10); and **GRANTS** *United States' Motion for Miscellaneous Relief* (Docket No. 26).

I.   **FACTUAL BACKGROUND**

The property at issue in this case is, the "Playa," a 1989 48' Hatteras Vessel with Registration No. PR8876AA, Hull Number HATDE338J889, Tag Number 15-1620. (Docket No. 29-3). PTE is the registered owner of the vessel. (Id.). On April 4, 2016, Immigration and Customs Enforcement-Homeland Security

Case 3:16-mc-00495-GMM   Document 31   Filed 04/09/24   Page 2 of 16

Misc. No. 16-mc-00495(GMM)
Page -2-

Investigations ("ICE-HSI") was informed that the "Playa" was being used to transport narcotics from Venezuela into Puerto Rico. (Docket Nos. 5 at 2; and 10 at 1). On April 6, 2016, ICE-HIS located the vessel at a dock in Palmas del Mar, Humacao, Puerto Rico. (Id.).[1] Upon approaching the vessel, ICE-HIS agents met Luis Raul Tirado-Paris ("Tirado-Paris"), President of PTE. (Docket Nos. 5 at 2; 10 at 1; and 29-2).

Tirado-Paris gave the agents written authorization to inspect the vessel. (Docket Nos. 5 at 2; 10 at 2; and 29-1). During the inspection of the boat, a canine alerted positive to the odor of narcotics, and agents discovered a hidden compartment under the gallery area of the vessel, which they indicated was structurally designed to conceal contraband. (Docket No. 5 at 2-3). No narcotics were discovered on the vessel. (Id. at 2). Tirado-Paris signed a Spanish language Department of Homeland Security Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized Merchandise form ("Notice of Abandonment"). (Docket Nos. 5 at 2; and 29-2).

U.S. Customs and Boarder Protection's ("CBP") Office of Fines, Penalties, & Forfeiture ("FP&F") did not send PTE a notice of seizure, given that the vessel had been abandoned by Tirado-Paris. (Docket No. 5 at 3). Pursuant to Title 18, United States

---

[1] The Court notes that Claimant alleges that the vessel was seized in the port of Fajardo, Puerto Rico. (Docket No. 1).

Case 3:16-mc-00495-GMM   Document 31   Filed 04/09/24   Page 3 of 16

Misc. No. 16-mc-00495(GMM)
Page -3-

Code, Sections 1607 and 1609, the Government posted a notice of seizure for 30 days (*i.e.* June 17, 2016 – July 16, 2016) on the official Government website (<u>www.forfeiture.gov</u>) informing of its intention to forfeit the vessel. (Docket Nos. 1-1 at 3; 5 at 3; and 5-5).

On June 30, 2016, Claimant's counsel met with a paralegal specialist at FP&F of the CBP "to initiate communications insomuch as the claimant had not received any personal written notice of seizure in connection with the seizure and proposed forfeiture of the vessel." (Docket No. 1 at 2). The paralegal specialist informed him to file a written query and told him that the forfeiture proceedings had already been initiated through the publication of notice that advised "the general public, that any claims to the seized property would have to be filed by August 16, 2016." (Docket Nos. 1 at 2-3; and 1-4).

On July 11, 2016, PTE's counsel emailed the FP&F requesting information to allow him to file a timely "responsible and educated claim." (Docket Nos. 1 at 3; and 1-4). Allegedly, he was told to file a request under the Freedom of Information Act, which he subsequently did on August 8, 2016. (Docket Nos. 1; 1-5; 1-6; and 1-7). On August 16, 2016, Claimant's counsel had not received the requested information under FOIA and filed Claimant's claim to the vessel based on the information at his disposal. (Docket Nos. 1 at 3; and 1-1).

Case 3:16-mc-00495-GMM   Document 31   Filed 04/09/24   Page 4 of 16

Misc. No. 16-mc-00495(GMM)
Page -4-

On August 16, 2016, PTE's counsel sent a letter to FP&F requesting that the agency cease the forfeiture process arguing that it possessed an ownership interest in the vessel. (Docket Nos. 5 at 3; and 5-6). On September 20, 2016, FP&F sent PTE a letter stating PTE's claim was not filed with the requisite cost bond and thus was not valid. (Docket No. 1-8). As such, the Government stated that the vessel was administratively forfeited on August 16, 2016, and it denied PTE's claim to refer the matter for judicial forfeiture proceedings. (Docket Nos. 1-8; 5 at 3; 5-1; and 5-7). The vessel was disposed of on September 25, 2023. (Docket No. 26 at 2).

## II.   PROCEDURAL HISTORY

On October 18, 2016, Claimant initiated these proceedings seeking a return of the "Playa", which had allegedly been wrongfully seized without notice by Special Agents of ICE of CBP in violation of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") Pub.L. No. 106-185, § 21, 114 Stat. 202, 225, 18 U.S.C. § 983. (Docket No. 1). The United States filed its response on January 12, 2017. (Docket No. 5).

On February 17, 2017, the United States filed its *Motion to Dismiss for Lack of Subject Matter Jurisdiction* ("Motion to Dismiss") contending that: (1) PTE lacked standing to bring its claim given that the property was voluntarily surrendered to ICE-HIS; and (2) the Court lacks jurisdiction to review the

Misc. No. 16-mc-00495(GMM)
Page -5-

administrative forfeiture decreed by the FP&F of the CBP. (Docket No. 9).

On February 20, 2017, PTE filed a *Cross Motion to set aside Declaration of Forfeiture* arguing that the Declaration of Administrative Forfeiture of the Vessel was not issued against PTE, the Vessel's rightful owner, but rather the Notice of Abandonment was signed by Tirado-Paris. (Docket No. 10). The United States filed its reply to Claimant's Cross Motion on May 1, 2017, contending that Tirado-Paris was PTE's President and thus PTE, through the actions of its agent, Tirado-Paris, was notified of and assented to the forfeiture of the vessel. (Docket No. 17). On May 14, 2017, Claimant filed its Surreply. (Docket No. 18).

On February 15, 2024, the United States filed a motion for miscellaneous relief, asking the Court to grant its request at Docket No. 5, that Claimant's demand for the return of the seized vessel be dismissed. (Docket No. 26).

### III. LEGAL STANDARD

A. Motions to Dismiss for Lack of Subject Matter Jurisdiction, Fed. R. Civ. P. 12(b)(1)

It is blackletter law that "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Thus, a party seeking to bring its suit in a federal forum bears the burden of demonstrating that a federal court possesses subject matter jurisdiction over the dispute. *See*

Case 3:16-mc-00495-GMM   Document 31   Filed 04/09/24   Page 6 of 16

Misc. No. 16-mc-00495(GMM)
Page -6-

Klimowicz v. Deutsche Bank Nat'l Trust Co., 907 F.3d 61, 64 (1st Cir. 2018). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

The Federal Rules of Civil Procedure also provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, even if a party does not move to dismiss a claim on subject matter jurisdiction grounds, "the court is obligated to dismiss a case sua sponte if it detects a jurisdictional defect." Cebollero-Bertran v. Puerto Rico Aqueduct & Sewer Auth., 4 F.4th 63, 71 (1st Cir. 2021); see also In re Fin. Oversight & Mgmt. Bd., 632 B.R. 1, 5 (Bankr. D.P.R. 2021)(emphasis added)("Questions of subject matter jurisdiction are, however, not only appropriate but necessary for a court to decide, even sua sponte."); McBee v. Delica Co., Ltd., 417 F.3d 107, 127 (1st Cir. 2005)(averring that matters regarding a Court's subject-matter jurisdiction "goes to the fundamental institutional competence of the court [and] can be raised sua sponte at any time[.]").

Federal trial courts generally possess "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nonetheless, Congress may explicitly or implicitly divest district courts of jurisdiction over certain claims or proceedings. See e.g. Shalala

v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 5 (2000); Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207 (1994).

As is relevant in the current case and discussed more below, CAFRA places statutory restrictions on this Court's jurisdiction to consider PTE's claims. *See* In re One 1 Vessel Vict. Registration No. PR-1268-AC, 2021 U.S. Dist. LEXIS 86327, *5 (D.P.R. 2021) (*quoting* Custodio Colon v. Ayala, 2005 U.S. Dist. LEXIS 48433, 2005 WL 1971114 (D.P.R. Aug. 16, 2005)) ("It has long been established that judicial review of an administrative declaration of forfeiture is limited to collateral due process attacks."); *see also* United States v. Simon, 609 F.App'x 1002, 1005 (11th Cir. 2015) (reaffirming that district court's "jurisdiction was limited to review of whether the government complied with due process by providing appropriate notice under 18 U.S.C. § 983").

B.  Notice and Judicial Review of Administrative Declarations, 18 U.S.C. § 983

Pursuant to section 983 of Title 18, United States Code, in a "nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." 18 U.S.C. § 983 (1)(A)(i). Parties claiming the property seized may file a claim no later than the deadline set

Case 3:16-mc-00495-GMM   Document 31   Filed 04/09/24   Page 8 of 16

Misc. No. 16-mc-00495(GMM)
Page -8-

forth in the notice. Id. at § 983 (2)(B). If such a claim is filed, the Government shall then file a complaint for forfeiture before the applicable federal district court. Id. at § 983 (3)(A). If, however, after notice has been given as required by law, no party submits a claim by the applicable deadline, the governing agency may conclude the administrative proceeding with a "declaration of forfeiture," which possesses the same weight as a "final decree and order of forfeiture" issued in a judicial proceeding. 19 U.S.C. § 1609; *see also* Sarit v. DEA, 987 F.2d 10, 17 (1st Cir. 1993) ("[M]ost challenges to forfeiture would be foreclosed by a plaintiffs' [sic] failure to utilize the mechanism for obtaining judicial relief provided in the forfeiture statute and regulations.").

Thereafter, judicial subject matter jurisdiction is limited solely to due process concerns. *See* Custodio Colon v. Ayala, 2005 U.S. Dist. LEXIS 48433. As such, the only judicial mechanism available to set aside a declaration of forfeiture under CAFRA is a motion under 18 U.S.C. § 983(e), challenging whether an interested party received adequate notice of the pending forfeiture proceedings. 18 U.S.C. § 983(e)(5); *see also* Paret-Ruiz v. United States, 827 F.3d 167, 175 (1st Cir. 2016) (*quoting* 18 U.S.C. § 983(e)(5)) ("A motion filed under this subsection [relating to notice] shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture

Case 3:16-mc-00495-GMM   Document 31   Filed 04/09/24   Page 9 of 16

Misc. No. 16-mc-00495(GMM)
Page -9-

statute."); Sarit, 987 F.2d at 17 ("[C]ourts have entertained challenges to the adequacy of notice, reasoning that the mechanism is not available to a plaintiff who is not properly notified of the pending forfeiture."); Conard v. United States, 470 F.App'x 336, 338 (5th Cir. 2012)(internal quotations omitted) ("Once an administrative forfeiture is complete, the district court may review only whether the forfeiture comported with constitutional due process guarantees.").

18 U.S.C. § 983(e) provides that forfeiture shall only be set aside if:

> [a]ny person entitled to written notice. . .who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1) (emphasis added). "If the moving party satisfies both elements, then the declaration will be set aside to the interest of the moving party without prejudice to the right of the Government to commence a subsequent [forfeiture] proceeding." Mikhaylov v. United States, 29 F. Supp. 3d 260, 266 (E.D.N.Y. 2014) (internal citations omitted). See also 18 U.S.C. § 983(e)(2)(A).

Case 3:16-mc-00495-GMM   Document 31   Filed 04/09/24   Page 10 of 16

Misc. No. 16-mc-00495(GMM)
Page -10-

## IV. ANALYSIS

Claimant contends that the United States failed to provide it with notice of forfeiture of its vessel within 60 days of the seizure as required by CAFRA. Conversely, the United States argues that Claimant, through Tirado-Paris, abandoned the vessel and was thus not entitled to notice of seizure. In its Motion to Dismiss, the Government further elaborated that claimant lacked standing to bring a forfeiture claim, and the court lacked jurisdiction to consider it, given that: (1) Tirado-Paris had signed away any possessory interest PTE may have had in the vessel; and (2) PTE failed to file a valid claim. (Docket No. 9 at 4-6).

A. The Validity of PTE's Claim

On August 16, 2016, the FP&F of the CBP entered a final decree on forfeiture for the "Playa" without receipt of a valid claim from PTE. PTE asserts that the letter from its counsel sent on August 16, 2016, constitutes a legally viable claim. (Docket Nos. 1 at ¶ 6) ("notwithstanding, the undersigned submitted, the best he could, a claim on behalf of the registered owner"); (Docket Nos. 1-1 and 5-6) ("The instant claim is submitted pursuant to the provisions of 18 USC 983(a)(2)"). Conversely, the Government asserts that PTE did not file a valid claim. In fact, on September 20, 2016, FP&F sent PTE a letter stating PTE's claim was not filed with the requisite cost bond and thus was void. (Docket No. 1 at 8).

Case 3:16-mc-00495-GMM   Document 31   Filed 04/09/24   Page 11 of 16

Misc. No. 16-mc-00495(GMM)
Page -11-

For a claim under CAFRA to be valid, it must satisfy three requirements: "(i) identify the specific property being claimed, (ii) state the claimant's interest in such property, and (iii) be made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(C).

Though the Government asserts that PTE's claim was invalid because it failed to file a cost bond, there is no bond requirement under CAFRA. Pursuant to 18 U.S.C. § 983(a)(2)(E), "[a]ny person may make a claim under subparagraph (A) without posting bond with respect to the property which is the subject of the claim." 18 U.S.C. § 983(a)(2)(E). Additionally, other courts have interpreted the law accordingly. *See e.g.* CCS Int'l Ltd. v. United States, No. 03 CIV. 0507 (DC), 2004 WL 2471454, at *3 (S.D.N.Y. Nov. 1, 2004) (noting that CAFRA was amended in 2000 "removing the requirement, in some cases, for the posting of a bond to institute judicial forfeiture proceedings."); United States v. 1996 Freightliner Fld. Tractor VIN 1FUYDXYB0TP822291, 634 F.3d 1113, 1117 (9th Cir. 2011) ("The claimant need not file a cost bond"); Tourus Recs., Inc. v. Drug Enf't Admin., 259 F.3d 731, 733 (D.C. Cir. 2001) ("Congress abolished the bond requirement for forfeiture proceedings commenced after August 23, 2000"). Moreover, the July 20, 2016 letter from FP&F to Claimant's counsel containing instructions on how to file a claim, did not include any requirement pertaining to making a bond payment. (Docket No. 5).

Misc. No. 16-mc-00495(GMM)
Page -12-

The breadth of this Court's subject matter jurisdiction over the present dispute relies on the validity of PTE's claim. Thus, even though PTE's claim is not void due to its failure to pay an associated bond, the Court concludes that the claim is nevertheless invalid and thus its subject matter jurisdiction over the present controversy is limited. Critically, the letter filed by PTE's counsel fails to meet the statutory signature requirement. Section 983(a) regulations provide that a claim shall "(3) Be made under oath by the claimant, not counsel for the claimant. . ." 28 C.F.R. § 8.10(b)(3); see also United States v. $20,000 in U.S. Currency, 589 F.Supp.3d 240, 259 (D.P.R. 2022) (quoting In re Seizure of $143,265.78 from Checking Account No. 1851349546 and $28,687.40 from Checking Account No. 1080022185, 384 Fed.Appx. 471, 475 (6th Cir. 2010)) ("Generally, an attorney's signature does not fulfill a client's oath requirement because the oath must be made by a person with personal knowledge of the facts alleged therein."); United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004) ("forc[ing] claimants to assert their alleged ownership under oath" "create[s] a deterrent against filing false claims.").

In the present case, PTE's claim letter is signed by Claimant's attorney, Jose R. Franco-Rivera. (Docket No. 5). Counsel Franco-Rivera lacks personal knowledge, independent of a supporting statement made by PTE or one of its authorized representatives, of PTE's proprietary interest in the vessel.

Case 3:16-mc-00495-GMM   Document 31   Filed 04/09/24   Page 13 of 16

Misc. No. 16-mc-00495(GMM)
Page -13-

Given that PTE did not swear under oath that the contents of the August 16, 2016 letter are truthful, the document is not a valid claim. Thus, finding that a final decree on forfeiture of the "Playa" was entered, without receipt of a valid claim from PTE, this Court's jurisdiction is limited to the consideration of whether Claimant received adequate notice under 18 U.S.C. § 983(e).

B.  Sufficient Notice of the Forfeiture

A party whose property interests are at stake due to Government action is entitled to notice of the proceedings and the opportunity to be heard. *See* Dusenbery v. United States, 534 U.S. 161, 167-168 (2002). "In determining whether the government gave adequate notice under CAFRA, '[t]he overriding constitutional question. . .is whether notice of the forfeiture comports with the Due Process Clause of the Fifth Amendment.'" Rizzo v. United States, 2024 U.S. Dist. LEXIS 45519, *29 (E.D.N.Y. 2024) (*quoting* United States v. Brome, 942 F.3d 550, 552 (2d Cir. 2019)). "The notice necessary to satisfy due process requires only that interested persons be given 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Valderrama v. United States, 417 F.3d 1189, 1196-1197 (11th Cir. 2005) (*quoting* Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); *see also* Mikhaylov, 29 F.Supp.3d at 267; Gonzalez-Gonzalez v. United States, 581

F.Supp.2d 272, 277 (D.P.R. 2008). Thus, to determine if the FP&F gave Claimant reasonable notice of the vessel's seizure, the Court applied the due process standard of "reasonableness under the circumstances" established by the Supreme Court in Mullane.

In this case, Tirado-Paris voluntarily abandoned all ownership and appeal rights to the seized vessel by signing the Government proffered Notice of Abandonment. The Government also posted a legal Notice of Seizure and Intent to Forfeit the vessel between June 17, 2016 and July 17, 2016 on the forfeiture.gov website in accord with the requirements set out under 19 U.S.C. § 1607, Supp. R. G(4)(a)(ii)(A)-(C), and Supp. R. G(4)(a)(iv)(C). *See* Docket No. 1-1.

It is undisputed that the Government did not provide Claimant with direct personal notice for the forfeiture action. Notably, the Government avers that such notice was unnecessary given the vessel's purported abandonment. Nevertheless, the Court finds that it does not need to determine whether Tirado-Paris's signing of the Notice of Abandonment was sufficient personal notice to PTE under CAFRA. Critically here, PTE had actual notice of the forfeiture as demonstrated by the flawed claim that it filed in the administrative proceedings. Such actual notice satisfies the second prong of an 18 U.S.C. § 983(e) analysis.

Plainly, Supplemental Rule G(4)(b)(v) provides that "[a] potential claimant who had actual notice of the forfeiture action

Case 3:16-mc-00495-GMM   Document 31   Filed 04/09/24   Page 15 of 16

Misc. No. 16-mc-00495(GMM)
Page -15-

may not oppose or seek relief from forfeiture because of the government's failure to send the required notice." *See* United States v. One Start Class Sloop Sailboat, 458 F.3d 16, 22 (1st Cir. 2006)("A putative claimant's actual knowledge of a forfeiture proceeding can defeat a subsequent due process challenge, even if the government botches its obligation to furnish him with notice"); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36 (1st Cir. 2001) (emphasis added)(stating that if a party has "actual knowledge of ongoing forfeiture proceedings from other sources, inadequacies in the notice afforded by the government will not work a deprivation of due process").

The record demonstrates that PTE had knowledge of the seizure "within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1). Plainly, Claimant's counsel first contacted the FP&F about the vessel's seizure on June 30, 2016, 47 days before the conclusion of the forfeiture proceedings. Moreover, PTE's counsel filed a timely, though invalid, claim. Given that Claimant cannot sustain the argument that it lacked sufficient notice to allow it to file an administrative claim. It thus fails to show that it satisfies the second element of a U.S.C. § 983(e)(1) motion. Accordingly, the Court **DENIES** Claimant's *Cross Motion to set aside Declaration of Forfeiture*. Having ruled on PTE's 18 U.S.C. § 983(e) motion, the Court finds that it lacks subject matter jurisdiction to further review the administrative forfeiture determination.

Case 3:16-mc-00495-GMM   Document 31   Filed 04/09/24   Page 16 of 16

**Misc. No. 16-mc-00495(GMM)**
**Page -16-**

## V. CONCLUSION

For the foregoing reasons stated above, the Court **DENIES** PTE's *Motion for Return of Seized Property under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) and FRCivP 41(g)* (Docket No. 1); **GRANTS** the United States' *Motion to Dismiss for Lack of Subject Matter Jurisdiction* (Docket No. 9); **DENIES** PTE's *Cross Motion to set aside Declaration of Forfeiture* (Docket No. 10); and **GRANTS** *United States' Motion for Miscellaneous Relief* (Docket No. 26).

IT IS SO ORDERED.

In San Juan, Puerto Rico, April 9, 2024.

<u>s/Gina R. Méndez-Miró</u>
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE